UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DIANN L. MOODY,<br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK and DOES 1-10 inclusive,<br><br>    Defendant. | CIVIL ACTION NO. |

## COMPLAINT

1. Plaintiff **MOODY**, alleges Defendant **SYNCHRONY BANK** robocalled Plaintiff more than 750 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Unfair Or Deceptive Practices Toward The Elderly, O.C.G.A. § 10-1-850 *et seq.*

2. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing*

*Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

3.   The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent illegal robocalls.

4.   Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

5.   According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint while Plaintiff was in BIBB County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in BIBB County, Georgia.

9. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business in Florida, and conducts business in the state of Georgia.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, xxx-xxx-5179 and potentially other numbers of Plaintiff such as 5422, 4968, and 5171.

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, on back to back days, calling after being told to stop calling, calling during inconvenient times as instructed, with such pattern and frequency as can reasonably be expected to harass.

13. On or about, January 1st, 2014 Plaintiff received a telephone call to the

aforementioned cellular telephone number from Defendant seeking to recover a debt from the Plaintiff.

14. Immediately upon receipt of the calls, after, January 1st, 2014 Plaintiff answered a call from Defendant and explained that she felt harassed by all of the calls, and demanded that Defendant stop calling the aforementioned cellular telephone number.

15. In or about, January 1st, 2014 during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

16. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. Synchrony Bank started calling the Plaintiff to collect the most recent payment.

18. Synchrony Bank was told that the Plaintiff would not be paid for another 3 days and would pay then at that time and was asked to stop calling.

19. However, Synchrony Bank refused follow the instructions to not call and kept calling until the Plaintiff paid 3 days later.

20. The following month, Synchrony Bank started to call the Plaintiff to collect the most recent payment.

21. Synchrony Bank was told that the Plaintiff would not be paid for another 3 days and would pay then at that time and was asked to stop calling.

22. Additionally, the customer asked Synchrony to stop calling because the Plaintiff could only pay Synchrony Bank after the Plaintiff got paid during the month which was 3 days later than the due date.

23. Plaintiff asked Synchrony Bank multiple times if it could change the due date.

24. Synchrony Bank said no on multiple occasions.

25. Synchrony Bank continued to follow this same pattern.

26. These calls continued for years.

27. Not only did Synchrony Bank call constantly after being asked to not call, the calls contained a pre-recorded message in violation of the TCPA.

28. These calls created a nuisance, used her phone battery, tied up her line, caused her to have to continually have to explain to strangers that she can't pay the same bill for another 3 days over and over again, caused humiliation, invaded her privacy, put her in a bad mood, and interfered with her life.

29. Defendant made at least one call to the number ending in 5179.

30. Defendant made at least one call to the number ending in 5179 using an "automatic telephone dialing system" (ATDS).

31. Defendant made at least ten (10) calls to the number ending in 5179.

32. Defendant made at least ten (10) calls to the number ending in 5179 using an ATDS.

33. Defendant made at least one hundred (100) calls to the number ending in 5179.

34. Defendant made at least one hundred (100) calls the number ending in 5179 using an ATDS.

35. Defendant made at least one hundred (200) calls the number ending in 5179.

36. Defendant made at least two hundred (200) calls the number ending in 5179 using an ATDS.

37. Defendant made at least three hundred (300) calls the number ending in 5179.

38. Defendant made at least three hundred (300) calls the number ending in 5179 using an ATDS.

39. Defendant made at least three hundred (400) calls the number ending in 5179.

40. Defendant made at least three hundred (400) calls the number ending in 5179 using an ATDS.

41. Defendant made at least three hundred (500) calls the number ending in 5179.

42. Defendant made at least three hundred (500) calls the number ending in 5179 using an ATDS.

43. Defendant made at least three hundred (600) calls the number ending in 5179.

44. Defendant made at least three hundred (600) calls the number ending in 5179 using an ATDS.

45. Defendant made at least three hundred (700) calls the number ending in 5179.

46. Defendant made at least three hundred (700) calls the number ending in 5179 using an ATDS.

47. Defendant made at least one hundred (750) calls the number ending in 5179.

48. Defendant made at least one hundred (750) calls the number ending in 5179 using an ATDS.

49. Each call the Defendant made to the number ending in 5179 in the last four years was made using an ATDS.

50. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

51. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

52. Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

53. Plaintiff repeatedly requested the Defendant to stop calling Plaintiff's cell phone, however, the Defendant continued to make calls.

54. Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

55. Defendant has recorded at least one conversation with the Plaintiff

56. Defendant has recorded more than one conversation with the Plaintiff.

57. Defendant has made approximately 750 calls to Plaintiff's aforementioned cellular telephone number from in early 2014 into 2019, which will be established exactly once Defendant turns over their dialer records.

58. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

59. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

60. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

61. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

62. Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

63. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone, and by

using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

64. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

65. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have Plaintiff's aforementioned cellular number removed from the call list.

66. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

67. Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

68. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

69. Defendant violated the TCPA with respect to the Plaintiff.

70. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

71. Additionally, Defendant would initiate calls back to back.

72. Defendant's volume of initiated calls to Plaintiff was designed to harass and

intimidate Plaintiff into paying a debt.

73. Defendant continued to call Plaintiff at inconvenient times that were told to Defendant to harass Plaintiff into paying a debt.

74. These actions are part of Defendant's pattern and practice of behavior.

## COUNT I

### (Violation of the TCPA)

75. Plaintiff incorporates by reference paragraphs 1-74 of this Complaint as though fully stated herein.

76. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after revoking consent to being called by them using an ATDS or pre- recorded voice.

77. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked consent to being called by them using an ATDS or pre-recorded voice.

78. Defendant, SYNCHRONY BANK repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

79. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages

and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

80. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, SYNCHRONY BANK from violating the TCPA in the future.

## COUNT II

### (Violation of the FDCPA)

81. Plaintiff incorporates by reference paragraphs 1-74 of this Complaint as though fully stated herein.

82. Defendant willfully violated the FDCPA with respect to the Plaintiff each time they called the Plaintiff after revoking consent to being called by them using an ATDS or pre- recorded voice and each time Defendant called after being told to stop and calling at known inconvenient time regardless of the type of phone system Defendant used to harass Plaintiff with.

83. Defendant knowingly violated the FDCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked consent to being called by them using an ATDS or pre-recorded voice.

84. Defendant, SYNCHRONY BANK repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii) in order to collect a

debt from Plaintiff.

85. Defendant made excessive calls to Plaintiff to collect a debt.

86. Defendant's use of the calls was designed to harass.

87. Defendant called Plaintiff at known times that were inconvenient to Plaintiff.

88. Using an illegal phone dialing system to collect a debt is an unfair or deceptive act.

89. Defendant acted intentionally in violating the FDCPA.

90. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under 15 U.S.C. § 1692 *et seq.*, is entitled to damages for such violation of the FDCPA.

## COUNT III.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

91. Plaintiff incorporates by reference paragraphs 1-74 of this Complaint as though fully stated herein.

92. The Defendant's actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

93. Defendant violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-390 *et seq*.

94. Defendant's calls caused damages to Plaintiff's emotional wellbeing.

95. Defendant's calls were at all different times as to surveil when Plaintiff would be able to receive calls.

96. These surveilling phone calls happened at all hours of the day.

97. Using an illegal phone dialing system to collect a debt is an unfair or deceptive act.

98. Defendant was abusive in the collection of debt.

99. Defendant acted intentionally in violating the GFBPA.

100. Plaintiff suffered damages because of Defendant's violations of the GFBPA as described above and to be further established at trial.

101. Defendant DOES 1-10 inclusive do not have any assets or property within the state of Georgia.

102. Plaintiff is entitled to the recovery of damages and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-390 *et seq*.

103. Plaintiff is entitled to treble damages.

## COUNT IV

## BAD FAITH ATTORNEY FEES

104. Plaintiff incorporates by reference paragraphs 1-74 of this Complaint as though fully stated herein.

105. Defendants willingly, knowingly, and intentionally violated the TCPA in

making autodialed telephone calls to Plaintiff's cellular telephone number(s) without prior express consent.

106.   Defendants willingly, knowingly, and intentionally violated the FDCPA in making autodialed telephone calls to Plaintiff's cellular telephone number(s) without prior express consent.

107.   "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

108.   "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

109.   Defendants have acted in bad faith, been stubbornly litigious or caused the Plaintiff unnecessary trouble and expense, and as such, Plaintiff is entitled to an award of litigation expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT V

**(Unfair Or Deceptive Practices Toward The Elderly)**

110. Plaintiff incorporates by reference paragraphs 1-74 of this Complaint as though fully stated herein.

111. Plaintiff is over 60 years old.

112. Defendant's conduct was in disregard of the rights of the elder or disabled persons.

113. Defendant knew or should have known that the defendant's conduct was directed to an elder person.

114. Plaintiff was more vulnerable to the defendant's conduct because of age and actually suffered substantial emotional and economic damages.

115. Plaintiff suffered emotional damages from defendant's actions.

116. Plaintiff is entitled to the recovery of statutory damages, actual damages, and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-850 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);
- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for an award of attorney's fees pursuant to O.C.G.A. 10-1-390 *et seq.*;

- for an award of damages pursuant to O.C.G.A. § 10-1-390 *et seq.*;

- for an award of treble damages pursuant to O.C.G.A. § 10-1-390 *et seq.*;

- for an award of attorney's fees for bad faith attorney's fees;

- for an award of statutory damages of $10,000 pursuant to O.C.G.A. § 10-1-850 *et seq.*;

- for an award of actual damages pursuant to O.C.G.A. § 10-1-850 *et seq.*;

- for an award for attorney's fees pursuant to O.C.G.A. § 10-1-850 *et seq.*; and

- any other such relief the court may deem just and proper.

Respectfully submitted,

JOSEPH P. MCCLELLAND, LLC

By: *s/Joseph P. McClelland*
Joseph P. McClelland, Esq.
Attorney I.D.#483407
545 N. McDonough Street, Suite 210
Decatur, Georgia 30030

Telephone:  (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

I, Joseph P. McClelland, hereby state that on February 18, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

By: /s/Joseph P. McClelland
Joseph P. McClelland, Esq.
Attorney I.D. #483407