# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DIANN L. MOODY, | ) |
| Plaintiff, | ) Case No. 5:20-cv-00061-MTT |
| v. | ) Judge Marc Thomas Treadwell |
| SYNCHRONY BANK and DOES 1-10 inclusive, | ) |
| Defendants. | ) |

# DEFENDANT SYNCHRONY BANK'S
# MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
# PLAINTIFF'S AMENDED COMPLAINT

## **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..............................................................................................1

II.  ALLEGED FACTUAL BACKGROUND .....................................................2

III. PROCEDURAL HISTORY .............................................................................2

IV.  LEGAL STANDARD ......................................................................................3

    A.   Unconstitutional Laws............................................................................3

    B.   Motions to Dismiss.................................................................................3

V.   ARGUMENT....................................................................................................4

    A.   The AAPC Case Rendered the TCPA Unconstitutional From 2015 to 2020. ........................................................................................4

    B.   Federal Courts Have Recently Issued Opinions Interpreting AAPC as Holding that the TCPA Was Unconstitutional From 2015 Through 2020. ...............................................................................5

    C.   Selia Law Illustrates that the Cure of Severance is Applied Prospectively, Not Retroactively...........................................................8

VI.  CONCLUSION...............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
 953 F.3d 760 (D.C. Cir. 2020) ............................................................................... 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................ 4

*Barr v. American Ass'n of Political Consultants, Inc.*,
 2019 U.S. S. CT. BRIEFS LEXIS 6570 ................................................................. 5

*Barr v. American Association of Political Consultants, Inc.*,
 140 S. Ct. 2335 (2020) ......................................................................................... 5, 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................ 3, 4

*Conley v. Gibson*,
 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .................................................... 3

*Creasy v. Charter Commc'ns., Inc.*,
 No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sep. 28,
 2020) ............................................................................................................... 6, 7, 8

*Grayned v. City of Rockford*,
 408 U.S. 104 (1972) .............................................................................................. 12

*Lindenbaum v. Realgy*,
 No. 1:19-cv-2862, 2020 U.S. Dist. LEXIS 201572 (N.D. Ohio Oct.
 29, 2020) ........................................................................................................ *passim*

*Montgomery v. Louisiana*,
 136 S. Ct. 718 (2016) ....................................................................................... 3, 13

*Reynoldsville Casket Co. v. Hyde*,
 514 U.S. 749 (1995) ................................................................................................ 3

*Seila Law, LLC v. CFPB*,
 140 S. Ct. 2183 (2020) ......................................................................................... 8, 9

*Sessions v. Morales- Santana*,
    137 S. Ct. 1678 (2017)......................................................................................12

*Ex Parte Siebold*,
    100 U.S. 371 (1879)............................................................................................3

*Trinity Outdoor, LLC v. Oconee County*,
    No. 3:02-cv-67 (CAR), 2004 U.S. Dist. LEXIS 30223 (M.D. Ga.
    May 20, 2004).....................................................................................................3

*United States v. Stroke*,
    No. 1:14-CR-45S, 2017 WL 2643666 (W.D. N.Y. June 20, 2017) ..................13

*United States v. U.S. Coin and Currency*,
    401 U.S. 715 (1971)..........................................................................................13

*Waldron v. United States*,
    146 F.2d 145 (1944)..........................................................................................13

**Statutes**

47 U.S.C. § 227 .........................................................................................................1

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................4, 6, 7

**Other Authorities**

*CFPB Ratifies Prior Regulatory Actions*, CFPB,
    https://www.consumerfinance.gov/about-us/newsroom/cfpb-
    ratifies-prior-regulatory-actions/ (last visited July 27, 2020)............................10

Defendant Synchrony Bank ("Synchrony"), by counsel, respectfully moves this Court to dismiss the Amended Complaint ("Compl.") of Plaintiff Diann L. Moody ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA") was unconstitutional at the time of the alleged conduct.  In support of this Motion, Synchrony states as follows:

## I.   INTRODUCTION

After this Court granted in part and denied in part Plaintiff's motion for leave to file an Amended Complaint, the only claim remaining in this action is for violation of the TCPA, specifically by Synchrony's alleged use of artificial and/or prerecorded voice messages in placing calls to Plaintiff.  Plaintiff alleges that these calls took place between February 17, 2016 and the date of the Complaint, February 18, 2020.

Recently, the Supreme Court has ruled that the TCPA was unconstitutional from November 2015 through June 2020.  And, in the last two months, at least two federal courts have followed suit, agreeing that the TCPA was unconstitutional and unenforceable during that period.

Plaintiff's TCPA claim fails based upon one of the most basic principles of the law, namely that "[a]n unconstitutional law is void, and is as no law."  Here, the alleged calls were made within the time period in which the TCPA was unconstitutional and unenforceable.  Accordingly, consistent with Supreme Court

law, Plaintiff's TCPA claim fails as a matter of law and should be dismissed with prejudice.

## II.   ALLEGED FACTUAL BACKGROUND

Plaintiff alleges that she received a call to her cellular telephone number on or around January 1, 2014, and that during this call she demanded that Synchrony stop calling.  Compl. ¶¶ 14-15.  Plaintiff alleges that Synchrony continued to place calls to her cellular telephone, including after February 17, 2016 through the date she filed the complaint.  *Id.*, ¶ 27.  Plaintiff alleges that many of these calls were placed using a prerecorded voice.  *Id.*, ¶ 52.

## III.   PROCEDURAL HISTORY

Plaintiff filed the Complaint on February 18, 2020.  D.E. 1.  Synchrony moved to dismiss, which this Court granted in part and denied in part on September 29, 2020.  D.E. 11.  Plaintiff moved for leave to file an Amended Complaint.  D.E. 12. The Court granted in part and denied in part this leave, allowing the Amended Complaint only insofar as it alleged violation of the TCPA by use of an artificial or prerecorded voice.  *See* D.E. 12-1, 13.  This is the only claim remaining in this litigation.

## IV. LEGAL STANDARD

### A. Unconstitutional Laws.

"'[A]n unconstitutional law is void, and is as no law.'" *Montgomery v. Louisiana*, 136 S. Ct. 718, 730 (2016) (quoting *Ex Parte Siebold*, 100 U.S. 371, 376 (1879)). As such, any adjudication on the basis of an unconstitutional law is "not merely erroneous, but is illegal and void." *Siebold*, 100 U.S. at 376-377; *see also Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 759-760 (1995) ("A court does not—in the nature of things it *can* not [*sic*]—give a 'remedy' for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable 'wrong.'") (emphasis in original and citing *Marbury v. Madison*, 5 U.S. 137, 178 (1803)) (Scalia, J. concurring); *Trinity Outdoor, LLC v. Oconee County*, No. 3:02-cv-67 (CAR), 2004 U.S. Dist. LEXIS 30223, at *9 (M.D. Ga. May 20, 2004) ("[T]he general rule in Georgia is that an unconstitutional statute is wholly void and of no force and effect from the date it was enacted." (quotations omitted)).

### B. Motions to Dismiss.

A complaint must provide "'a short and plain statement of the claim showing that [the plaintiff is] entitled to relief' . . . to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although a court must accept the factual allegations in the

pleadings as true, to state a valid claim of relief a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint, however, will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotations and citations omitted). The court is not required to accept legal conclusions asserted in the complaint. *See id.* at 663-64.

## V. ARGUMENT

Because the TCPA was unconstitutional at the time of the alleged calls, the Court should dismiss Plaintiff's TCPA claim with prejudice.

### A. The *AAPC* Case Rendered the TCPA Unconstitutional From 2015 to 2020.

In 2015, Congress amended the TCPA to insert new language. 47 U.S.C. § 227(b)(1)(A)(iii). The new language carved out an exception permitting autodialer-placed calls, which would otherwise violate the TCPA, provided that such calls were "made solely to collect a debt owed to or guaranteed by the United States." *Id.* This exception had the effect of making autodialer-placed calls either lawful or unlawful based solely upon the nature of the debt being collected. *Id.*

In January 2020, the Supreme Court agreed to hear *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2347 (2020) (hereinafter "*AAPC*", discussed in detail *infra*). The issues before the *AAPC* Court were: "[1] Whether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and [2] whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." *See* Petition for Writ of Certiorari, *Barr v. American Ass'n of Political Consultants, Inc.*, 2019 U.S. S. CT. BRIEFS LEXIS 6570 (attached hereto as **Exhibit A**).

In deciding these issues, the Supreme Court held that that the 2015 amendment to the TCPA rendered it unconstitutional. *AAPC*, 140 S. Ct. at 2346. Specifically, the Supreme Court held that the TCPA's Automated Call Restrictions were unconstitutional content-based restrictions when combined with the government-debt exception. *Id*. The Court reasoned that the government-debt exception "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment." *Id.* at 2343. This content-based restriction was found to be unconstitutional. *Id*. Rather than do away with the unconstitutional statute, the Court chose to sever the government-debt exception from the remainder of the statute to make it constitutional once again. *Id.* at 2349.

> **B.    Federal Courts Have Recently Issued Opinions Interpreting AAPC as Holding that the TCPA Was Unconstitutional From 2015 Through 2020.**

Courts have recently determined that the Automated Call Restrictions have been unconstitutional, and thus unenforceable, from the enactment of the government-debt exception on November 2, 2015 until the Supreme Court severed it in *AAPC* effective July 6, 2020.  *See* **Exhibit B** hereto, *Creasy v. Charter Commc'ns., Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798, at *4 (E.D. La. Sep. 28, 2020) (granting motion to dismiss as to calls made between the date the government-debt exception became effective in November 2015 and the date it was severed in July 2020); **Exhibit C** hereto, *Lindenbaum v. Realgy*, No. 1:19-cv-2862, 2020 U.S. Dist. LEXIS 201572, at *20 (N.D. Ohio Oct. 29, 2020) (same).

The plaintiff in *Creasy* alleged calls were made in violation of the Automated Call Restrictions contained in 47 U.S.C. § 227(b)(1)(A)(iii).  *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *5.  All of those calls, except one, allegedly occurred between November 2, 2015 and July 6, 2020.  *Id*.  The defendant moved to dismiss the plaintiff's TCPA claim based upon *AAPC*'s holding that the Automated Call Restrictions were unconstitutional from the date of Congress's 2015 amendment until the moment the Court severed the government-debt exception on July 6, 2020.  *Id.* at *2.  The defendant argued that the plaintiff's claim for alleged violations of an unconstitutional statute could not be enforced.  The *Creasy* court agreed, determining that the version of the statute that applied to the defendant from November 2, 2015 through July 6, 2020 was unconstitutional and therefore

unenforceable. *Id.* at *14-15, 20-21 ("The Supreme Court's decision in AAPC cannot logically be read as anything other than a ruling that §227(b)(1)(A)(iii) was unconstitutional in the form in which the Court received it."). On this basis, the court dismissed the plaintiff's TCPA claim for calls allegedly made between November 2, 2015 and July 6, 2020, holding that it could not "enforce the pre-AAPC version of 47 U.S.C. § 227(b)(1)(A)(iii) against [defendant]." *Id*.

The *Lindenbaum* court reached the same conclusion. In *Lindenbaum*, the plaintiff alleged that calls were made in violation of the Automated Call Restrictions contained in 47 U.S.C. § 227(b)(1)(A)(iii). *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at *1-2. The defendant moved to dismiss the case on the same basis as *Creasy*: that the AAPC decision rendered the Automated Call Restrictions unconstitutional and void at the time of the alleged violations. The *Lindenbaum* court agreed, determining that the version of the statute that applied to defendant from November 2, 2015 through July 6, 2020 was unconstitutional and therefore unenforceable. *Id*. at *20 (finding the Automated Call Restrictions were unenforceable "[b]ecause the statute at issue was unconstitutional at the time of the alleged violations[.]"). The court acknowledged that the *AAPC* decision and severance of the government-debt exception once again rendered the Automated Call Restrictions constitutional, but it said that such action could not "wave a magic

wand and make the constitutional violation disappear." *Id*. at *20. On this basis, the court dismissed the plaintiff's TCPA claim. Id. at *20.

Here, Plaintiff's TCPA claim is based on alleged violations of the TCPA's Automated Call Restrictions that purportedly occurred from February 17, 2016 to the time Plaintiff filed her Complaint in 2020. Compl., ¶ 27. During this time period, the TCPA contained unconstitutional Automated Call Restrictions. *AAPC*, 140 S. Ct. at 2346. As discussed in *Creasy* and *Lindenbaum*, the Automated Call Restrictions were unconstitutional from the date Congress amended the relevant subsection of the TCPA to include the government-debt exception—November 2, 2015—until the Supreme Court "cured" the constitutional infirmity on July 6, 2020 through severance of the government-debt exception.

Stated simply, any adjudication against Synchrony based upon an unconstitutional statute is void. Therefore there can be no TCPA claim under these allegations, and dismissal with prejudice the claim is appropriate.

    **C.**    ***Selia Law* Illustrates that the Cure of Severance is Applied Prospectively, Not Retroactively.**

*Creasy* and *Lindenbaum* should be followed here because those Courts correctly acknowledged that the cure of severance does not apply retroactively and merely cures an unconstitutional infirmity going forward. The case of *Seila Law, LLC v. CFPB*, 140 S. Ct. 2183, 2208-09 (2020), is particularly instructive here

because it deals with the prospective effect of severance, and was decided by the Supreme Court just one week before *AAPC*.

In *Seila Law*, the Court determined that the leadership structure of the Consumer Financial Protection Bureau ("CFPB"), which consisted of a single director removable only for cause, was unconstitutional. *Selia*, 140 S. Ct. at 2209 (2020). The Court determined that Congress' empowerment of a director removable only for cause intruded upon powers of the President, thus violating the separation of powers. *Id*. at 2204. To correct this constitutional infirmity, the plurality severed the director's removal protection. *Id*. at 2207-08. The plurality acknowledged that actions taken when the CFPB's leadership structure were unconstitutional (such as investigations, litigation, and even promulgation of regulations) might require dismissal or invalidation, unless those actions were subsequently ratified by the post-severance CFPB. *See id*. at 2208 ("The parties dispute whether this alleged ratification in fact occurred and whether, if so, it is legally sufficient to cure the constitutional defect in the original [action] . . . A remand for the lower Courts to consider those questions in the first instance is therefore the appropriate course."). Thus, the case was remanded to determine "the lingering ratification issue." *Id*.

It is clear that the CFPB recognized the gravity of the problem caused by the Court's holding, because it immediately took action (the day after the *Seila Law* decision was rendered) to formally ratify actions taken from January 4, 2012,

through June 30, 2020 in order to ensure such actions were not attacked on as void.[1] Clearly, *Seila Law* cast doubt upon the CFPB's actions while its structure was unconstitutional, otherwise there would have been no reason for a remand to the lower courts to consider ratification of prior actions, and no reason for the CFPB to ratify its prior actions. Essentially, the Supreme Court's remand of the ratification issue acknowledged that, without subsequent ratification under the now-constitutional CFPB, its prior actions could be attacked as void.

*Seila Law* illustrates that the only logical result of *AAPC* is that the cure of severance does not apply retroactively, and, as such, the Automated Call Restrictions cannot be enforced against a respondent for calls made while the Automated Call Restrictions were unconstitutional. *Selia*, 140 S. Ct. at 2208–09 (2020). The opinion is especially relevant as the Justices that authored and/or joined in Part IV (the severance portion) of the *Seila Law* opinion <u>also</u> authored and/or joined in the severance portion of the *AAPC* decision (Justices Roberts, Alito, and Kavanaugh). When read together, the *Seila Law* and *AAPC* opinions confirm the axiom that unconstitutional laws are unenforceable during the period that the laws are unconstitutional, regardless of whether they are later cured prospectively through severance.

---

[1] *See CFPB Ratifies Prior Regulatory Actions*, CFPB, https://www.consumerfinance.gov/about-us/newsroom/cfpb-ratifies-prior-regulatory-actions/ (last visited July 27, 2020).

This logic behind *Selia Law* applies with equal force to the severance of the government-debt exception from the Automated Call Restrictions. Just as in *Seila Law*, the Court's decision in *AAPC* cured an infirmity on a prospective basis. However, the Court did not, and could not, cure the infirmity with respect to calls made during the time the law was unconstitutional, because severance is applied prospectively. *See also Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760, 767 n. 2 (Mem) (D.C. Cir. 2020) (denial of petition for *en banc* review) (relying upon "judicial severance of one portion of an unconstitutional statute is, by necessity, only applicable prospectively") (O'Malley, J. concurring); *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, *15 (stating that "the Court agrees with the analysis in *Arthrex*, which relies on the Supreme Court's decision in *Seila Law*" and holding that "severance of the government-debt exception applies only prospectively").

Also, when comparing *Seila Law* and *AAPC*, the constitutional defect in *AAPC* has far greater impact upon the substance of related decisions than does the defect in *Seila Law*. In *Seila Law,* the defect was merely procedural, such that the post-severance CFPB could ratify prior actions without any harm to the affected parties. In contrast, the constitutional defects in the Automated Call Restrictions were *substantive*, as they favored one category of speakers over another, and expose <u>only</u> the disfavored speakers to the potential liability, while the favored speakers were entirely absolved for the <u>same</u> activity done at the <u>same</u> time. Unlike the

procedural defect in *Seila Law*, this substantive defect in *AAPC* cannot be cured through a ratification that harms no party.

For these reasons, severance of the government-debt exception may only be applied prospectively. As such, the Automated Call Restrictions were unconstitutional at the relevant time and cannot be the basis for a TCPA claim. This is in keeping with the general principle that an amended statute cannot be retroactively applied. *Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972). To rule otherwise would be to allow the Courts to "accomplish by severance that which Congress [cannot] accomplish by way of amendment." *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, *18 (2020).

The *Grayned* Court held that where there is a challenge to a content-based restriction on speech, courts "must consider the facial constitutionality of the ordinance in effect when [the defendant] was arrested and convicted." *Grayned*, 408 U.S. 104, 107 n. 2 (1972). Therefore, the Court should consider the constitutionality of the challenged law **when it was allegedly violated**, and not the fact that it was subsequently cured through later action of the judiciary or legislature. The relevant version of the Automated Call Restrictions here is the version that was operative **when Synchrony allegedly violated the restrictions**, *i.e.*, the pre-*AAPC* version that is unconstitutional and void. *Cf. Sessions v. Morales- Santana*, 137 S. Ct. 1678, 1699 n.24 (2017) (noting in a majority opinion that a "defendant convicted under a

law classifying on an impermissible basis may assail his conviction without regard to the manner in which the legislature might subsequently cure the infirmity"); *United States v. Stroke*, No. 1:14-CR-45S, 2017 WL 2643666, at *2 (W.D. N.Y. June 20, 2017) ("probable cause cannot rest on a statute that was unconstitutional at the time of an alleged incident").

*Montgomery v. Louisiana*, 136 S. Ct. 718, 730 (2016), is also instructive. There, the Supreme Court addressed a 2012 ruling, which determined that the Eighth Amendment precluded the sentencing of juvenile homicide offenders to mandatory life sentences. *See* 136 S. Ct. at 723. The question before the Court was whether such a ruling would retroactively apply to a juvenile sentenced in 1963. *Id*. The Supreme Court concluded that the ruling would apply stating:

> A penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional. There is no grandfather clause that permits States to enforce punishments the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees.

*Id*. at 730 (citing *United States v. U.S. Coin and Currency*, 401 U.S. 715, 724 (1971) ("'No circumstances call more for the invocation of a rule of complete retroactivity' than when "'the conduct being penalized is constitutionally immune from punishment.'")); *see also Waldron v. United States*, 146 F.2d 145, 147-148 (1944) (vacating judgment against criminal defendant based on violation of unconstitutional statute, explaining "inspection of the record discloses clearly that the court was

without jurisdiction to enter the judgment"). These decisions acknowledge the inequity of penalizing parties for violations of a statute that was unconstitutional, and therefore void, when the violations allegedly occurred.

Apart from the bases set forth above, the principle that one cannot be penalized under a law that is unconstitutional plainly appeals to common sense. If the consequences of the invalidation of a law on a constitutional basis were otherwise, any number of abuses would be possible. For instance, a majority party could pass broad restraints on speech which contained exceptions for messages favorable to that party, and act with impunity until such time as the Supreme Court determined that the exception was unconstitutional. If the unconstitutional statute were not deemed unenforceable during the interim period, the majority party, or its proxies, could seek to impose liability upon its opponents for violations of the statute during the time when their own messages were excepted. The majority party, on the other hand, would only be liable prospectively. Such a result is not only grossly inequitable and untenable, it is unlawful. *See Baucum*, 80 F.3d at 540- 41 ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce).")

For these reasons, the cure of severance does not apply retroactively and merely cures the unconstitutional infirmity going forward. As such, the Automated

Call Restrictions were unconstitutional at the relevant time and cannot be the basis for a TCPA claim. On this basis, Plaintiff's TCPA claim fails as a matter of law and should be dismissed with prejudice.

## VI.  CONCLUSION

For the reasons stated herein, Synchrony respectfully requests that this Court dismiss Plaintiff's TCPA claim with prejudice, terminating this case in its entirety, and for such other and further relief as this Court deems appropriate.

This 14th day of December, 2020.

                                      THE GILROY FIRM

                                      /s/ Monica K. Gilroy
                                      Monica K. Gilroy, Esq.
                                      Georgia Bar No. 427520
                                      Email:Monica.Gilroy@gilroyfirm.com
                                      Matthew F. Totten
                                      Georgia Bar No. 798589
                                      Email:Matthew.Totten@gilroyfirm.com
                                      *Counsel for Defendant Synchrony Bank*

THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
(678) 280-1922 Main Number
(678) 280-1923 Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2020, I electronically filed the foregoing with the Clerk of the U.S. District Court, Middle District of Georgia, Macon Division, by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record listed below:

>Joseph P. McClelland, III
>joseph@jacksonlaws.com
>Joseph P. McClelland, LLC
>545 N. McDonough Street, Suite 210
>Decatur, GA 30030
>joseph@jacksonlaws.com
>
>*Counsel for Plaintiff*
>*DiAnn Moody*

/s/ Monica K. Gilroy
Monica K. Gilroy, Esq.
